IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MONARCH HEALTH SCIENCES, INC., a Utah corporation,<br><br>Plaintiff,<br><br><br><br><br>vs.<br><br><br>AMAZON THUNDER, INC., a Nevada corporation, and TODD REUM, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT TODD REUM'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION<br><br><br><br><br>Case No. 2:07-CV-509 TS |

This matter is before the Court on Defendant Todd Reum's Motion to Dismiss Defendant for Lack of Personal Jurisdiction.  The Court heard argument on the Motion on November 13, 2007.  For the reasons discussed below, the Motion to Dismiss will be granted.

I. Background Facts

Plaintiff Monarch Health Sciences, Inc. ("Monarch") is a Utah corporation with its principal place of business in Salt Lake City, Utah.  Monarch is a company engaged in the business of selling health products, including a product called MonaVie, a beverage health supplement containing the Açaí berry.

Defendant Amazon Thunder, Inc. ("Amazon") is a Nevada corporation with its principal place of business located outside of Grand Prairie, Canada.  Like Monarch, Amazon is engaged in the business of manufacturing, selling and distributing products containing the Açaí berry. Amazon's major product is a beverage called Amazon Thunder, which is sold through the company's website, as well as several retail outlets in Canada and the United States.  Defendant Todd Reum is the president of Defendant Amazon Thunder.

Amazon Thunder does not have any employees or agents in the state of Utah, nor has Mr. Reum nor any person employed by or representing Amazon traveled to Utah to conduct business. Though Amazon Thunder does not advertise in Utah (with the exception of its website that persons located in Utah can access), Mr. Reum receives and responds to website requests to purchase Amazon Thunder's products, and Mr. Reum has occasionally sent products to persons located in Utah.[1]

Between February and April, 2007, distributors and potential Monarch customers wrote e-mails to Amazon requesting a comparison of Amazon's products with Monarch's, specifically Monarch's MonaVie beverage.[2] On April 29, 2007, Reum responded to an e-mail from a Monarch distributor.  Reum's response contained allegedly harmful, false, and defamatory statements which purportedly injured Monarch's reputation to a third party and potential customer.[3] In addition to this and other e-mails, Reum referred on the Amazon website to "a company that is MLM [multi-level marketing] and begins with an M" and accused that company

---

[1]Declaration of Todd Reum at ¶¶ 4-5, 9-12.

[2]Plaintiff's Memorandum in Opposition to Motion to Dismiss ("Memorandum in Opposition") at 3; Complaint at ¶¶ 13-14.

[3]Memorandum in Opposition at 4; Complaint at ¶¶ 15-18.

of "trying to dupe the consumer."[4]  The e-mails and web postings contained what Monarch argues are defamatory statements and tortious misrepresentations of fact regarding the quality and content of the MonaVie beverage as well as Monarch's business practices.

Monarch brought suit against Amazon and Reum.  Reum now seeks to dismiss the Complaint based on a lack of personal jurisdiction.  Amazon does not contest jurisdiction.

## II. Discussion

Plaintiff carries the burden of establishing personal jurisdiction over Defendant.[5]  "'To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment.'"[6]  "It is frequently helpful to undertake the due process analysis first, because any set of circumstances that satisfies due process will also satisfy the long-arm statute."[7]

To satisfy the constitutional requirement of due process there must be "minimum contacts" between the defendant and the forum state.[8]  "When the evidence presented on the motion to dismiss consists of affidavits and other written materials, the plaintiff need only make a prima facie showing."[9]  "The allegations in the complaint must be taken as true to the extent

---

[4]Memorandum in Opposition at 5-6; Complaint at ¶¶ 20-24.

[5]*Kuenzle v. HTM Sport-Und Freizeitgeräte AG*, 102 F.3d 453, 456 (10th Cir. 1996).

[6]*Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999) (quoting *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995)).

[7]*Sys. Designs, Inc. v. New Customward Co.*, 248 F.Supp. 2d 1093, 1097 (D. Utah 2003).

[8]*World-Wide Volkswagen Co. v. Woodson*, 444 U.S. 286, 291 (1980).

[9]*Bell Helicopter Textron, Inc. v. Heliqwest Int'l., Ltd.*, 385 F.3d 1291, 1295 (10th Cir. 2004).

they are uncontroverted by the defendant's affidavits.  If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor . . . ."[10]

The "minimum contacts" standard may be met by a finding of either general jurisdiction or specific jurisdiction.  When the "defendant has 'purposely directed' his activities at residents of the forum," courts in that state may exercise specific jurisdiction in cases that "arise out of or relate to those activities."[11]  In order for the Court to find specific jurisdiction, there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."[12]

Purposeful availment has also been articulated as an "effects test," first set forth in *Worldwide Volkswagen*.  Under the effects test, minimum contacts are established, and the exercise of personal jurisdiction is proper, if the defendant 1) engaged in intentional actions, 2) expressly aimed at the forum state, 3) causing harm, the brunt of which is suffered–and which the defendant knows is likely to be suffered–in the forum state.[13]

In the instant case, Defendant Amazon does not contest the assertion of general jurisdiction based on internet sales of its products in Utah and throughout the United States.  The existence of general jurisdiction over the corporation, however, is not absolutely determinative of jurisdiction over its corporate officers.  In order to be subject to jurisdiction (and therefore

---

[10] *Kennedy v. Freeman*, 919 F.2d 126, 128 (10th Cir. 1990).

[11] *Burger King v. Rudzewicz*, 471 U.S. 462, 472-73 (1985).

[12] *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citation omitted).

[13] *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998).

liability), a corporate officer's or director's activities must be evaluated as to the level of individual participation by the officer.[14]

The case which most helpfully informs this Court's analysis is *Calder v. Jones*, a Supreme Court case which explained and applied the "effects test" for purposeful availment. *Calder* involved an allegedly defamatory article written and edited in Florida by a Florida resident, a reporter for the National Enquirer.  The article, however, concerned the California activities of a California resident, impugned the professionalism of an entertainer whose television career was centered in California, was drawn from California sources, and the brunt of the harm was suffered in California.[15]  Further, the defendants there knew that the brunt of the injury would be felt in California, where the plaintiff lived and worked and in which the National Enquirer had its largest circulation.[16]

In *Calder*, the Court found that personal jurisdiction existed in California as a result of the ties to that state.  The Court stated that "[a]n individual injured in California need not go to Florida to seek redress from persons, who, though remaining in Florida, knowingly cause the injury in California."[17]  However, the Court also stated that "[t]he mere fact that [the defendant] can 'foresee' that the article will be circulated and have an effect in [the forum state] is not sufficient for an assertion of jurisdiction."[18]

---

[14]*Calder v. Jones*, 465 U.S. 783, 790 (1983).

[15]*Id*. at 788-89.

[16]*Id*. at 789-90.

[17]*Id*. at 790.

[18]*Id*. at 789.

The Tenth Circuit examined *Calder* and its progeny in *Far West Capital, Inc. v. Towne*.[19] In that case, the court, held "that the mere allegation that an out-of-state defendant has tortiously interfered with contractual rights or has committed other business torts that have allegedly injured a forum resident does not necessarily establish that the defendant possesses the constitutionally required minimum contacts."[20]   Rather, the "court must undertake a particularized inquiry as to the extent to which the defendant has purposefully availed itself of the benefits of the forum's laws."[21]   The court went on to find that where the only connection to the forum state was the fact that the plaintiff was domiciled in that state and that the alleged injury occurred in that state were insufficient to establish personal jurisdiction under *Calder*.[22]

This case is more akin to *Far West* than it is to *Calder*.   Defendant Reum's only connection to Utah is that the alleged defamatory emails and web postings concerned a Utah corporation.   There is no evidence that Reum directed any of his comments specifically to Utah or any Utah residents.   The mere fact that Defendant Reum knew Monarch was a Utah corporation and that the alleged defamatory statements were potentially accessible to Utah residents, without more is not enough to establish personal jurisdiction over him.   *Calder* is distinguishable because the statements made by Reum were not directed at Utah readers, the source of the content was not from Utah, and the brunt of the alleged harm is not centered in Utah. For these reasons, the Court lacks personal jurisdiction over Defendant Reum and his Motion to Dismiss will be granted.

------

[19]46 F.3d 1071 (10th Cir. 1995).

[20]*Id*. at 1079.

[21]*Id*.

[22]*Id*. at 1080.

III. Conclusion

It is therefore

ORDERED that Defendant's Motion to Dismiss Todd Reum for Lack of Personal Jurisdiction (Docket No. 7) is GRANTED.

DATED   November 15, 2007.

BY THE COURT:

_____

TED STEWART
United States District Judge